IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01613-BNB

DEREK W. BARRINGER, et. al,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, et al.,
MAGOR [sic] GARY WILSON, offical [sic] and unoffical [sic] compasity [sic],
GOV. WILLIAM "BILL" OWENS, offical [sic] and unoffical [sic] compasity [sic],
STATE OF COLORADO, offical [sic] and unoffical [sic] compasity [sic],
D/S JENNIFER A. LOPEZ, offical [sic] and unoffical [sic] compasity [sic],
D/S CURTIS L. LAFFERTY, JR., offical [sic] and unoffical [sic] compasity [sic],
CAPTAIN J. BLAIR, Operations Captain, offical [sic] and unoffical [sic] compasity [sic],
    and
D/S SGT. P. SWIFT,  offical [sic] and unoffical [sic] compasity [sic],

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE
AMENDED COMPLAINT

---

Plaintiff Derek W. Barringer is in the custody of the Colorado Department of Corrections and currently is held at Sterling, Colorado, Department of Corrections.  On August 15, 2006, he submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983.

In the Complaint, Plaintiff alleges that Defendants violated his Fifth, Sixth, and Fourteenth Amendment rights by not allowing him to access the jail law library.  Plaintiff also asserts that he was denied access to the courts because he was not allowed to use the jail law library.  Plaintiff seeks money damages.

Dockets.Justia.com

The Court must construe the Complaint liberally because Mr. Barringer is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

With respect to Defendant City and County of Denver, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Barringer cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Plaintiff also must demonstrate how each named defendant personally participated in the asserted claims. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*,

2

475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Barringer will be ordered to file an Amended Complaint that names as defendants only the persons who allegedly violated his rights.

Plaintiff also must allege how his constitutional right of access to the courts and his Fifth, Sixth, and Fourteenth Amendment rights were violated because Defendants denied him access to the jail law library.

Further, pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Plaintiff was held in a jail at the time the alleged incident happened, and the claims raised in this action relate to the conditions at the jail. Therefore, Plaintiff must have exhausted all the available administrative remedies. Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 335 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Section § 1997e also requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

3

Plaintiff has failed to meet the *Steele* requirement.  In response to Question Two, under Section F., "Administrative Relief," of his Complaint, Plaintiff states that he did not exhaust his administrative remedies, "[b]ecause I am not sue a jail[.]" Besides Plaintiff's response being unclear, Plaintiff fails to assert any specifics or provide evidence in support of his response that he did not exhaust his claim.  Therefore, Plaintiff will be directed to show cause why the Complaint should not be dismissed for failure to state with specificity, or to attach copies of grievances indicating, how he attempted to exhaust his administrative remedies with respect to the claim he raises.  Accordingly, it is

ORDERED that Mr. Barringer shall file **within thirty days from the date of this Order** an Amended Complaint that names the individuals as defendants who allegedly violated his constitutional rights, that states how each individual personally participated in the asserted constitutional violation, and that shows how Plaintiff has exhausted his administrative remedies with respect to each claim that he raises.  It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Barringer, together with a copy of this Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that Mr. Barringer submit an original and sufficient copies of the Amended Complaint to serve each named Defendant.  It is

FURTHER ORDERED that if Mr. Barringer fails to file **within thirty days from**

4

**the date of this Order** an Amended Complaint that complies, to the Court's

satisfaction, with this Order the action will be dismissed without further notice.

DATED August 22, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01613-BNB

Derek W. Barringer
Prisoner No. 113974
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _8/22/06_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk